OPINION
{¶ 1} Defendant-appellant Bryan D. Fairbanks ("appellant") appeals from the trial court's imposition of consecutive sentences for three of the six counts of rape to which appellant pled guilty. Appellant also disputes the determination that he is a sexual predator.
 {¶ 2} On February 8, 2001, appellant entered into a written plea of guilty to six counts of rape, all in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. The counts were amended to delete the language stating that appellant purposefully compelled the victims to submit by force or threat of force. The court entered a nolle prosequi to the remaining counts of the indictment. The charges stemmed from sexual activity appellant engaged in with two boys, both under the age of thirteen, from March of 1999 to September of 2000. One of the victims was living with appellant at the time, as the victim's mother was engaged to appellant's father. Appellant confirmed there were in excess of a hundred incidents with this victim. There were two incidents with another boy, a cousin of the first victim.
 {¶ 3} On March 5, 2001, appellant appeared before the trial court for a sexual predator hearing and sentencing hearing. Dr. John Fabian, a clinical psychologist, testified that he examined appellant and issued a report regarding appellant's likelihood of recidivism. Dr. Fabian testified he interviewed appellant for two hours and administered various psychological tests. Dr. Fabian concluded appellant did not suffer from any major mental disorders. Dr. Fabian stated appellant's sexual fantasies and attraction focused on children. Dr. Fabian opined that appellant had a medium to high risk of recidivism. Dr. Fabian diagnosed appellant as having pedophilia and as being developmentally and emotionally arrested. The report noted that appellant would have children shoplift items from two Mentor stores. The merchandise then would be returned for money.
 {¶ 4} The victim impact statements indicated that the first victim is not coping with the situation and is receiving counseling. The victim often will not attend school, spending most of the day in his room. He had changed schools three times in a year because of teasing. The boy's mother reported a lot of difficulty with discipline and behavioral problems. The second victim's mother reported he had a hard time coping with what happened.
 {¶ 5} Appellant was involved in a couple of minor scrapes as a juvenile, involving possible arson and criminal trespass. He was convicted of trespassing, a minor misdemeanor, in August of 2000. The instant offense is appellant's first felony conviction.
 {¶ 6} On March 5, 2001, the trial court issued its judgment entry finding appellant to be a sexual predator. On March 9, 2001, the trial court issued its judgment entry of sentence. The court found, pursuant to R.C. 2929.14(B), that the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crime by appellant. The court found that consecutive sentences are necessary to protect the public from future crime and to punish appellant. The court further found that consecutive sentences are not disproportionate to the seriousness of appellant's conduct, the danger he poses to the public, and that the harm caused by the multiple offenses was so great and unusual that a single prison term would not adequately reflect the seriousness of his conduct. The trial court ordered appellant to serve six years in prison for each of the six counts of rape. Three of the six-year sentences were to be served consecutively to each other. The remaining three terms were to be served concurrently to each other and the consecutive sentences. The trial court sentenced appellant to a total of eighteen years in prison.
 {¶ 7} Appellant assigns the following errors for review:
 {¶ 8} "[I.] The Court erred to the prejudice of the Appellant in determining Appellant to be a sexual predator.
 {¶ 9} "[2.] The Court erred to the prejudice of the Appellant in imposing consecutive terms of imprisonment."
 {¶ 10} In his first assignment of error, appellant challenges the trial court's determination that he is a sexual predator. Appellant contends the state failed to prove, by clear and convincing evidence, that he is a sexual predator. Appellant centers his argument on the psychological evidence submitted by both parties as not proving he was likely to re-offend. Appellant submits that the trial court only alluded to the statutory factors in a cursory manner and did not articulate a reasonable basis for the finding.
 {¶ 11} A trial court's sexual predator determination will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision. State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291. An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the determination must be reversed and a new trial ordered. State v. Swank, 11th Dist. No. 98-L-049, 2001-Ohio-8833, 2001 Ohio App. LEXIS 5846.
 {¶ 12} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 13} In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 14} A trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. A trial court may rely on one factor more than others in determining if an offender qualifies as a sexual predator. State v. King (Dec. 29, 2000), 11th Dist. No. 99-G-2237, 2000 Ohio App. LEXIS 6191. Even if only one or two statutory factors are present, the trial court may find the offender to be a sexual predator, if the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a sexually oriented offense in the future. The trial court must reference the relevant factors in the judgment entry or on the record, but need not delineate the underlying reasons why it found certain factors applicable. Swank, supra. The record should include the particular evidence relied upon by the trial court in deciding an offender is a sexual predator. State v. Eppinger (2001), 91 Ohio St.3d 158, 166.
 {¶ 15} In determining that appellant is a sexual predator, the trial court found appellant committed a violent sex offense. The court noted the large age difference between appellant and his multiple victims. The court stated that appellant's behavior of giving gifts to the children, taking the gifts back, and having the boys steal for him, indicated that appellant was imposing some sort of control over his victims.
 {¶ 16} This court has thoroughly reviewed the record before us. The trial court found there were multiple victims, the abuse of whom demonstrated a pattern of abuse occurring over an extensive period of time. This court previously has held that multiple episodes of abuse, occurring over an extended period of time, may indicate that the offender's behavior was abusive. This demonstrated pattern of abuse supports a sexual predator determination. See State v. Balaban, 11th Dist. No. 98-L-215, 2001-Ohio-4325, 2001 Ohio App. LEXIS 4292. Appellant used his relationship with one of the victims to facilitate the abuse, as they lived together as a family. Appellant has been diagnosed as having pedophilia and a number of other mental illnesses. The psychological evaluation concluded that appellant has a high risk to re-offend. Appellant's long-term abuse of much younger victims, for which he at least partly blamed the victims, supports the finding, by clear and convincing evidence, that appellant is a sexual predator. Appellant's first assignment of error is overruled.
 {¶ 17} In his second assignment of error, appellant contends the trial court did not adequately comply with the dictates of R.C. 2929.14(A) when sentencing him to consecutive sentences. Appellant argues the trial court did not make the requisite findings, but merely signed off on the judgment entry of sentence submitted by the prosecution.
 {¶ 18} When reviewing the imposition of a sentence upon a defendant by a trial court, this court will not disturb the sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Statev. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573. An appellate court may modify or vacate a sentence if the sentence is contrary to law. R.C. 2953.08(G).
 {¶ 19} A trial court may impose consecutive sentences only if it makes certain findings. R.C. 2929.14(E). First, the court must determine that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(E)(4). Second, the trial court must find at least one of the factors listed in R.C. 2929.14(E)(4). Those factors are whether the multiple offenses were committed while the offender was awaiting trial or sentencing or was under post-release control for a prior offense, R.C. 2929.14(E)(4)(a); the harm caused by the multiple offenses was so great or unusual that a single prison term for any of the offenses committed would not adequately reflect the seriousness of the offender's conduct, R.C. 2929.14(E)(b); or the offender's history of criminal conduct shows that consecutive sentences are necessary to protect the public from future crime, R.C.2929.14(E)(4)(c). See State v. Lewis, 11th Dist. No. 2001-L-060, 2002-Ohio-3373, 2002 Ohio App. LEXIS 3367.
 {¶ 20} When a trial court decides to impose consecutive sentences under R.C. 2929.14, the court also must follow the requirements set forth in R.C. 2929.19(B). State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232. Pursuant to R.C. 2929.12(B)(2)(c), the trial court is to justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting this sentence. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487. The trial court must state on the record its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c);Jones, supra. The reasons are the court's provision of a factual explanation setting forth the basis for the findings. State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110. These factual considerations may be given after the imposition of consecutive sentences. State v. Sharp, 3rd Dist. No. 1-02-06, 2002-Ohio-2343, 2002 Ohio App. LEXIS 2343.
 {¶ 21} At the sentencing hearing, the trial court stated that it placed importance on the fact that appellant took advantage of the young age of his victims and his relationship with the boys. The trial court stated it believed appellant was more likely to commit offenses in the future, based upon the factors considered at the sexual predator hearing. The court also pointed to appellant's previous criminal history, his multiple offenses against very young victims, appellant's immaturity, and that he turned his victims into shoplifters.
 {¶ 22} In the judgment entry of sentence, the trial court found that consecutive sentences were necessary to protect the public from future crime, to punish appellant, and were not disproportionate to the seriousness of his conduct and the danger appellant poses to the public.
 {¶ 23} The record supports the imposition of consecutive sentences in the instant case. The trial court adequately explained its reasons at the hearing and made the necessary statutory findings in the judgment entry. The court stated the factual underpinnings supporting the imposition of consecutive sentences. The young age of the victims, the commission of multiple offenses, appellant's immaturity, and his use of children to steal merchandise all show the trial court's decision was not contrary to law and is supported by clear and convincing evidence. Appellant's second assignment of error lacks merit.
 {¶ 24} The judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD and JUDITH A. CHRISTLEY, JJ., concur.